Marc T.G. Dworsky (State Bar No. 157413)
marc.dworsky@mto.com
Stephen M. Kristovich (State Bar No. 082164)
steve.kristovich@mto.com
Richard C. St. John (State Bar No. 202560)
richard.stjohn@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

David H. Fry (State Bar No. 189276)
david.fry@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

*Attorneys for Defendants*

Attorneys for Defendants BANK OF AMERICA CORPORATION, BANK OF AMERICA, NATIONAL ASSOCIATION, and NB HOLDINGS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION CASES | CASE NO. 11-ML-02265-MRP (MANx) |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for HarborView Mortgage Loan Trust, Series 2005-10,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>Defendants. | CASE NO. 12-CV-1066-MRP (MANx)<br><br>**SUPPLEMENTAL OPPOSITION TO MOTION TO REMAND**<br><br>Date: n/a<br>Time: n/a<br>Ctrm: 12<br>Judge: Hon. Mariana R. Pfaelzer |

Defendants respectfully submit this Supplemental Opposition to Motion to Remand in order to address a single issue raised by Plaintiff U.S. Bank's Reply Memorandum of Law in Further Support of Its Motion to Remand and In Opposition to Defendants' Request for a Stay ("Reply").

The parties in this action agree that an ostensibly state law claim gives rise to federal question jurisdiction if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Plaintiff's Memorandum of Law in Support of its Motion to Remand at 7 (internal quotation marks omitted); *see also Sacks v. Dietrich,* 633 F.3d 1065, 1068 (9th Cir. 2011) (federal jurisdiction exists where putative state law claim "turns on a federal question").

In their Opposition, Defendants demonstrated that any merger—de facto or otherwise—of a federally-insured national bank is governed by federal law and that two federal statutes, the Bank Merger Act and the National Banking Act, establish requirements for such a merger, including the requirement that the relevant regulators—the Office of the Comptroller of the Currency and the Federal Deposit Insurance Corporation—approve the merger. 12 U.S.C. §§ 215a, 215a-3, 1828(c); *625 3rd Street Assocs. v. Alliant Credit Union*, 633 F. Supp. 2d 1040, 1047 (N.D. Cal. 2009); *Fidelity Trust Co. v. Camp*, 337 F. Supp. 1396, 1401 (D. Conn. 1972). In its Reply, Plaintiff does not dispute that proposition, but instead argues that: "such approval is a question of fact, not law, and is easily answered in the affirmative: the OCC approved the Countrywide-Bank of America merger in 2009." Reply at 3.

This argument fails to defeat federal jurisdiction for two reasons. First, it implicitly *concedes* that Plaintiff must demonstrate regulatory approval under federal law in order to prevail—a concession that confirms the federal nature of the claim. The outcome of Plaintiff's claims against BANA necessarily turns on the construction and application of the National Bank Act and Bank Merger Act

and their implementing regulations, which inarguably are issues of federal law and not mere questions of historical fact. Simply put, Plaintiff alleges that an FDIC-insured national bank acceded to alleged liabilities in excess of $1 billion; for obvious reasons, federal law controls that question.

In any event, Plaintiff's supposed statement of "fact" is demonstrably false. The "de facto" merger alleged in this case is between Countrywide Home Loans, Inc. ("CHL") and Countrywide Financial Corporation ("CFC"), on the one hand, and various Bank of America entities, including BANA, on the other. Complaint at ¶ 66; *see also id*. at 1 (defining "Countrywide" as CHL and CFC and defining "Bank of America" to include BANA). CHL is the only Countrywide entity that entered into any of the relevant contracts. *Id.* ¶ 1 & Ex. A. CFC is sued as CHL's one-time parent. *Id.* ¶ 14. But when U.S. Bank asserts that the OCC approved "the Countrywide-Bank of America merger in 2009," it is referencing a letter from the OCC approving a merger between *Countrywide Bank FSB* ("Countrywide Bank") and BANA. Fay Decl. Ex. C. Countrywide Bank is *not* a party to any of the contracts on which U.S. Bank has sued and is *not* a party to this case. Complaint at 1 & Exs. A-C. The OCC's letter regarding the Countrywide Bank merger is entirely irrelevant to whether regulatory approval was obtained for a supposed merger between CHL and/or CFC and BANA.[1]

That Countrywide Bank is not the same corporation as CHL or CFC is evident from the Complaint itself, which discusses various Countrywide entities and their relationships to one another and specifically mentions the 2009 *statutory* merger of Countrywide Bank into BANA. Complaint ¶¶ 68-72. Plaintiff thus cannot deny that, if Countrywide Bank were the relevant Countrywide entity, there

---

[1] Plaintiff also seeks to distinguish one of the cases cited by Defendants by asserting that, in that case, "unlike here," there was no "federally mandated approval for the merger." Reply at 3-4. That argument rests on the same false assertion that there was federal approval of the de facto merger alleged here.

would be no need to claim a facto merger because, as the Complaint notes, BANA assumed all of Countrywide Bank's liabilities as a result of that merger. *Id.* at ¶ 71.

DATED: April 2, 2012   MUNGER, TOLLES & OLSON LLP

By:    */s/ David H. Fry*
      DAVID H. FRY

*Attorneys for Defendants*
BANK OF AMERICA CORPORATION, BANK OF AMERICA, NATIONAL ASSOCIATION, and NB HOLDINGS CORPORATION

DATED: April 2, 2012   ROBBINS, RUSSELL, ORSECK, ENGLERT, UNTEREINER & SAUBER LLP

By:    */s/ Kathryn S. Zecca*
      KATHRYN S. ZECCA

Lawrence S. Robbins (pro hac vice to be filed)
lrobbins@robbinsrussell.com
Kathryn S. Zecca (SBN 178323)
kzecca@robbinsrussell.com
Mark T. Stancil (pro hace vice to be filed)
mstancil@robbinsrussell.com
ROBBINS, RUSSELL, ORSECK, ENGLERT, UNTEREINER & SAUBER LLP
1801 K Street N.W., Suite 411
Washington, DC 20006
(202) 775-4520 phone
(202) 775-4510 fax

*Attorneys for Defendants*
COUNTRYWIDE HOME LOANS, INC. AND COUNTRYWIDE FINANCIAL CORPORATION